UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BILLY G. ASEMANI,<br><br>    Plaintiff,<br><br>        v.<br><br>CONDOLEEZZA RICE[1],<br><br>    Defendant. | Civil Action No. 04-1622 (JDB) |

## MEMORANDUM OPINION

Plaintiff, a native of Iran, brings this action pursuant to 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. He seeks a declaratory judgment, a judicial declaration of nationality, and an order compelling defendant to issue him a United States passport. Defendant has moved for dismissal or, in the alternative, for summary judgment. Plaintiff has filed an opposition to the motion. Because the Court concludes that it lacks jurisdiction over plaintiff's claim, defendant's motion will be granted.

*Background*

The present action arises from a decision of the United States Passport Agency denying plaintiff's application for a passport on the ground that plaintiff was born in Iran and is not naturalized as a United States citizen or national. Complaint ("Compl.") , Exhibit ("Ex.") 23.

---

[1] Pursuant to Fed. R. Civ. P. 25, Secretary of State Condoleezza Rice has been substituted as defendant for her predecessor.

Plaintiff entered the United States on a student visa in 1994. Defendant's Motion ("Def.'s Mot."), Ex. A. That same year the government adjusted his status to lawful permanent resident based on his marriage to a lawful permanent resident. *Id.* On May 8, 2001, in the United States District Court for the Southern District of Mississippi, plaintiff was sentenced to 30 months imprisonment after being convicted of health care and mail fraud and making false statements regarding health care matters. Compl., Ex. 10.

On August 27, 2001, the Immigration and Naturalization Service ("INS")[2] initiated removal proceedings against plaintiff on the basis that he was a deportable alien. Def.'s Mot., Ex. B. In October 2001, plaintiff filed a complaint in this Court against the government of Iran pursuant to the Foreign Sovereign Immunities Act ("FSIA"). *Asemani v. Islamic Republic of Iran*, 266 F.Supp. 2d 24 (D.D.C. 2003). In a Memorandum and Order filed on April 23, 2003, the Court found that plaintiff is a "national" of the United States within the meaning of the FSIA, and thus could pursue his case under that statute. *Id.* at 27. The same order also denied, without discussion and without prejudice, plaintiff's motion for a judicial declaration of nationality based on 8 U.S.C. § 1503(a) and 28 U.S.C. § 2201. *Id.*

On September 29, 2004, the Court dismissed plaintiff's FSIA case based on plaintiff's failure to state a claim. The Court's decision was affirmed by the United States Court of Appeals for the District of Columbia Circuit. *Asemani v. Islamic Republic of Iran*, No. 04-7182 (D.C. Cir. June 22, 2005).

On March 9, 2004, the Bureau of Immigration Appeals concluded that plaintiff was not a

---

[2] In the Homeland Security Act of 2002, enacted on November 25, 2002, the functions formerly performed by the INS were transferred to the new Department of Homeland Security ("DHS"). *F.L. v. Thompson*, 293 F.Supp. 2d 86, 88 (D.D.C. 2003).

United States national.  Def.'s Mot., Ex. C.  On June 1, 2004, an Immigration Judge found plaintiff to be an alien and ordered him removed from the United States to Iran.  *Id.*, Ex. D.  Plaintiff did not appeal this decision.  *Id.*, Ex. C.

*Standard of Review*

In ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff.  *Taylor v. Fed. Deposit Ins. Corp.*, 132 F.3d 753, 761 (D.C. Cir. 1997).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test."  *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Plaintiff bears the burden of persuasion to establish the Court's subject matter jurisdiction by a preponderance of the evidence.  *Pitney Bowles, Inc. v. United States Postal Serv.*, 27 F.Supp. 2d 15, 18 (D.D.C. 1998).  In evaluating a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court may consider material outside the pleadings.  *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003); *Gabriel v. Corrections Corp. of America*, 211 F.Supp. 2d 132, 137 n. 6 (D.D.C. 2002).

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. Rule 56(c). Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).

In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs.*, 865 F.2d 320, 325 (D.C. Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248. The nonmoving party must do more than simply "show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Moreover, "any factual assertions in the movant's affidavits will be accepted as being true unless [the opposing party] submits his own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly,* 963 F.2d 453, 456 (D.C. Cir.1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)). The mere existence of a factual dispute by itself, however, is not enough to bar summary judgment. The party opposing the motion must show that there is a genuine issue of *material* fact. *See Anderson*, 477 U.S. at 247-48. To be material, the fact must be capable of affecting the outcome of the litigation; to be genuine, the issue must be supported by admissible evidence sufficient for a reasonable trier-of-fact to find in favor of the nonmoving party. *See id.;*

*Laningham v. United States Navy*, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987).

*Discussion*

Title 8, United States Code, Section 1503(a) provides, in pertinent part, that a person within the United States "who claims a right or privilege as a national of the United States and . . . is denied such right or privilege by any department . . . or official thereof, upon the ground that he is not a national of the United States . . . , may institute an action under the provisions of section 2201 of Title 28 against the head of such department . . . for a judgment declaring him to be a national of the United States . . . ." The statute also provides that "no such action [for a judicial declaration of nationality] may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." *Id.*

The government initiated removal proceedings against plaintiff on August 27, 2001. Def.'s Mot., Ex. B. In those proceedings, as a challenge to his removal as an alien, plaintiff claimed that he was a United States national. *See* Pl.'s Opp. to Def.'s Mot., Exs. 4-5, 10, 16. The Bureau of Immigration Appeals found that plaintiff was not a national and he was subsequently ordered removed. Under these circumstances, the language of §1503(a) -- "no such action may be instituted" -- clearly precludes the Court from granting the relief sought by plaintiff.

*Conclusion*

Because plaintiff is statutorily barred from proceeding on this action, the Court lacks

jurisdiction over plaintiff's claim and defendant's motion to dismiss or, in the alternative, for summary judgment will be granted. A separate order accompanies this Memorandum Opinion.

_____
JOHN D. BATES
United States District Judge

Dated:   July 12, 2005